**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

FRITZCO LLC, LOS GATOS-SARATOGA
COMMUNITY EDUCATION AND
RECREATION, and THE LAW OFFICE OF
SAMUEL M. SMITH**,** on behalf of
themselves and all others similarly-situated,

                    Plaintiffs,

      v.

VERIZON COMMUNICATIONS INC.
and CELLCO PARTNERSHIP (D/B/A
VERIZON WIRELESS),

                  Defendants.

Civil Action No. 1:21-cv-10432-JPO

**MEMORANDUM OF LAW IN SUPPORT OF
VERIZON COMMUNICATIONS INC. AND CELLCO PARTNERSHIP'S
<u>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
(212) 309-1000

*Attorneys for Defendants
Verizon Communications Inc. and
Cellco Partnership*

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................. 6

ARGUMENT ...................................................................................................................... 8

I.      Plaintiffs' Pleading Burden ...................................................................................... 8

II.     Each Of Plaintiffs' Claims Fails For Lack Of Injury And Damages ...................... 8

     A.      Plaintiffs Agreed To A Limitation Of Liability Provision That Bars The Relief They Seek ................................................................................... 9

     B.      Plaintiffs Otherwise Fail To Allege Cognizable Injury Or Damages ......................... 11

III.    The Nationwide Class Claims Fail For Additional, Independent Reasons ........................ 17

     A.      Plaintiffs' Negligence Claim Fails ....................................................................... 17

     B.      Plaintiffs' Negligence *Per Se* Claim Fails ........................................................... 18

     C.      Plaintiffs' Breach of Implied Contract Claim Fails .................................................. 18

     D.      Plaintiffs' Unjust Enrichment Claim Fails .............................................................. 20

IV.     The State Subclass Claims Should Be Dismissed .................................................... 21

     A.      Plaintiffs' Statutory Consumer Protection Claims Are Barred By Contract .................. 21

     B.      Los Gatos' CCRA Claim Otherwise Fails .............................................................. 22

     C.      Los Gatos' UCL Claim Otherwise Fails ................................................................. 23

     D.      FritzCo And Smith Law's Statutory Consumer Protection Claims Under Indiana And Texas Law Otherwise Fail ............................................. 25

CONCLUSION ................................................................................................................... 25

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                **Page(s)**

*532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*,
    96 N.Y.2d 280 (2001) ...........................................................................................................17

*Anderson v. Kimpton Hotel & Rest. Grp., LLC*,
    2019 WL 3753308 (N.D. Cal. Aug. 8, 2019) .......................................................................23

*In re Anthem, Inc. Data Breach Litig.*,
    162 F. Supp. 3d 953 (N.D. Cal. 2016) .................................................................................14

*Anwar v. Fairfield Greenwich Ltd.*,
    831 F. Supp. 2d 787 (S.D.N.Y. 2011).................................................................................20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................8

*Atlas Corp. v. United States*,
    895 F.2d 745 (Fed. Cir. 1990)...............................................................................................3

*Bader v. Wells Fargo Home Mortg. Inc.*,
    773 F.Supp.2d 397 (S.D.N.Y. 2011)......................................................................................3

*Banda v. Allstate Prop. & Cas. Ins. Co.*,
    2020 WL 3972537 (S.D. Tex. July 14, 2020)......................................................................25

*Bausch & Lomb Inc. v. Mimetogen Pharm., Inc.*,
    2016 WL 2622013 (W.D.N.Y. May 5, 2016)......................................................................22

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................8

*Bohnak v. Marsh & McLennan Cos., Inc.*,
    2022 WL 158537 (S.D.N.Y. Jan. 17, 2022) ..................................................................2, 15

*In re Brinker Data Incident Litig.*,
    2020 WL 691848 (M.D. Fla. Jan. 27, 2020)........................................................................10

*Brumfield v. Trader Joe's Co.*,
    2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018)......................................................................20

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
    238 F. Supp. 3d 1359 (S.D. Fla. 2017) ................................................................................19

*Canon U.S.A., Inc. v. Cavin's Bus. Sols., Inc.*,
    208 F. Supp. 3d 494 (E.D.N.Y. 2016) .................................................................................22

ii

*Chamrad v. Volvo Cars of N. Am.*,
  145 F.3d 671 (5th Cir. 1998) .............................................................................9

*In re Chateaugay Corp.*,
  162 B.R. 949 (Bankr. S.D.N.Y. 1994) ...........................................................10, 11

*City of Long Beach v. Total Gas & Power N. Am., Inc.*,
  465 F. Supp. 3d 416 (S.D.N.Y. 2020) ...............................................................9

*City of Syracuse v. Loomis Armored US, LLC*,
  900 F. Supp. 2d 274 (N.D.N.Y. 2012) ...............................................................17

*Coffey v. Fort Wayne Pools, Inc.*,
  24 F. Supp. 2d 671 (N.D. Tex. 1998) ...............................................................9

*Cont'l Airlines, Inc. v. Mundo Travel Corp.*,
  412 F. Supp. 2d 1059 (E.D. Cal. 2006)...............................................................22

*Cooper v. Bonobos, Inc.*,
  2022 WL 170622 (S.D.N.Y. Jan. 19, 2022) .......................................................3

*Corona v. Sony Pictures Entm't, Inc.*,
  2015 WL 3916744 (C.D. Cal. June 15, 2015) .......................................................15

*Corsello v. Verizon New York, Inc.*,
  18 N.Y.3d 777 (2012) .............................................................................21

*Coscarelli v. ESquared Hosp. LLC*,
  364 F. Supp. 3d 207 (S.D.N.Y. 2019).............................................................5

*Dance v. Town of Southampton*,
  467 N.Y.S.2d 203 (2d Dep't 1983).............................................................18

*Digizip.com, Inc. v. Verizon Servs. Corp.*,
  139 F. Supp. 3d 670 (S.D.N.Y. 2015).............................................................20

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
  2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) .......................................................9

*F.D.I.C. v. Hulsey*,
  22 F.3d 1472 (10th Cir. 1994) .............................................................................16

*Facebook, Inc. v. Rankwave Co.*,
  2019 WL 8895237 (N.D. Cal. Nov. 14, 2019) ...............................................5, 25

*Fero v. Excellus Health Plan, Inc.*,
  236 F. Supp. 3d 735 (W.D.N.Y. 2017).............................................................13, 16

*Forest Bay Constr. of N.Y. v. Director Door Corp.*,
  707 N.Y.S.2d 329 (2d Dep't 2000)..........................................................................16

*Gardiner v. Walmart Inc.*,
  2021 WL 2520103 (N.D. Cal. Mar. 5, 2021).................................................... *passim*

*Gardiner v. Walmart, Inc.*,
  2021 WL 4992539 (N.D. Cal. July 28, 2021)..........................................................12

*Garvey v. Wegmans*,
  2018 WL 5983374 (N.D.N.Y. Nov. 14, 2018) ...........................................................4

*In re Google, Inc. Privacy Policy Litig.*,
  2015 WL 4317479 (N.D. Cal. July 15, 2015)....................................................13, 21

*Hammer v. Sam's E., Inc.*,
  2013 WL 3756573 (D. Kan. July 16, 2013) ............................................................13

*Hammond v. The Bank of New York Mellon Corp.*,
  2010 WL 2643307 (S.D.N.Y. June 25, 2010) ...................................................12, 15

*Hash v. First Fin. Bancorp*,
  2021 WL 859736 (S.D. Ind. Mar. 8, 2021)..............................................................25

*Hodsdon v. Mars, Inc.*,
  891 F.3d 857 (9th Cir. 2018) ..................................................................................24

*Holmes v. Apple Inc.*,
  2018 WL 3542856 (S.D.N.Y. July 23, 2018) ..........................................................22

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
  62 F.3d 69 (2d Cir. 1995) ..........................................................................................4

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................................................23

*Lapine v. Seinfeld*,
  918 N.Y.S.2d 313 (N.Y. Sup. Ct. 2011) .................................................................19

*Linear Tech. Corp. v. Applied Materials, Inc.*,
  61 Cal. Rptr. 3d 221 (Ct. App. 2007)......................................................................25

*Longenecker-Wells v. BeneCard Servs., Inc.*,
  2015 WL 5576753 (M.D. Pa. Sept. 22, 2015) ........................................................19

*Ludemann Elec., Inc. v. Dickran*,
  903 N.Y.S.2d 532 (2d Dep't 2010)......................................................................3, 20

*Lugo v. St. Nicholas Assocs.*,
    772 N.Y.S.2d 449 (Sup. Ct. 2003) ........................................................................18

*Manning v. Pioneer Sav. Bank*,
    55 N.Y.S.3d 587 (N.Y. Sup. Ct. 2016) ...................................................................9

*MBIA Ins. Corp. v. Royal Bank of Canada*,
    2010 WL 3294302 (N.Y. Sup.Ct. Aug. 19, 2010) ................................................17

*McMorris v. Carlos Lopez & Assocs., LLC*,
    995 F.3d 295 (2d Cir. 2021) .................................................................................14

*Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*,
    2018 WL 6444934 (S.D.N.Y. Dec. 10, 2018) .......................................................11

*Medimatch, Inc. v. Lucent Techs., Inc.*,
    120 F.Supp.2d 842 (N.D. Cal. 2000) .....................................................................22

*Miller v. Holtzbrinck Publishers, LLC*,
    2009 WL 528620 (S.D.N.Y. Mar. 3, 2009) .............................................................8

*Naughright v. Weiss*,
    826 F. Supp. 2d 676 (S.D.N.Y. 2011) ...............................................................3, 17

*Noll v. eBay, Inc.*,
    282 F.R.D. 462 (N.D. Cal. 2012) ..........................................................................24

*Perry v. Manocherian*,
    675 F. Supp. 1417 (S.D.N.Y. 1987).......................................................................16

*Pisciotta v. Old Nat. Bancorp*,
    499 F.3d 629 (7th Cir. 2007) ................................................................................12

*Price v. L'Oréal USA, Inc.*,
    2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) ..........................................................20

*Provost v. Aptos, Inc.*,
    2018 WL 1465766 (N.D. Ga. Mar. 12, 2018) ........................................................10

*Pruchnicki v. Envision Healthcare Corp.*,
    439 F. Supp. 3d 1226 (D. Nev. 2020) ..............................................3, 13, 14, 15

*Pruchnicki v. Envision Healthcare Corp.*,
    845 F. App'x 613 (9th Cir. 2021) ......................................................................2, 12

*Pujals v. Standard Chartered Bank*,
    533 Fed. Appx. 7 (2d Cir. 2013) ............................................................................20

*Razuki v. Caliber Home Loans, Inc.*,
 2018 WL 6018361 (S.D. Cal., Jan. 8, 2021)............................................................16, 18, 23

*Ruiz v. Gap, Inc.*,
 622 F. Supp. 2d 908 (N.D. Cal. 2009) ...............................................................................13

*Rushing v. Williams-Sonoma, Inc.*,
 2020 WL 6787135 (N.D. Cal. Oct. 8, 2020)........................................................................6

*Sallie Holly v. Alta Newport Hosp., Inc.*,
 2020 WL 6161457 (C.D. Cal. Oct. 21, 2020).....................................................................12

*Sanwep Rest. Corp. v. Consol. Edison Co. of N.Y.*,
 204 A.D.2d 71 (1st Dep't 1994) ........................................................................................12

*Shafran v. Harley-Davidson, Inc.*,
 2008 WL 763177 (S.D.N.Y. Mar. 20, 2008) ........................................................12, 14, 15

*Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*,
 131 N.Y.S.3d 817 (N.Y. Sup. Ct. 2020) .......................................................................8, 15

*Smith v. Chase Manhattan Bank, USA, N.A.*,
 741 N.Y.S.2d 100 (2d Dep't 2002).....................................................................................20

*Sonner v. Premier Nutrition Corp.*,
 971 F.3d 834 (9th Cir. 2020) ........................................................................................5, 23

*Svenson v. Google Inc.*,
 2016 WL 8943301 (N.D. Cal. Dec. 21, 2016).....................................................................13

*Torres v. Wendy's Co.*,
 195 F. Supp. 3d 1278 (M.D. Fla. 2016)...............................................................................10

*Wallace v. Health Quest Sys., Inc.*,
 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021) ....................................................................13

*Welborn v. Internal Revenue Serv.*,
 218 F. Supp. 3d 64 (D.D.C. 2016)......................................................................................13

*Whalen v. Michael Stores Inc.*,
 153 F. Supp. 3d 577 (E.D.N.Y. 2015) ...............................................................................10

*Whalen v. Michaels Stores, Inc.*,
 689 F. App'x 89 (2d Cir. 2017) ...................................................................................10, 14

*Willey v. J.P. Morgan Chase*,
 2009 WL 1938987 (S.D.N.Y. July 7, 2009) .......................................................................14

*Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC,*
   736 F. App'x 274 (2d Cir. 2018) ..............................................................18

**Statutes**

Cal. Bus. & Prof. Code § 17204 ...............................................................6, 23

Cal. Civ. Code § 1798.70(d) .........................................................................23

Cal. Civ. Code § 1798.80(c) .............................................................5, 22, 23

Cal. Civ. Code § 1798.80(d) ...........................................................................5

Cal. Civ. Code § 1798.84(b) ...........................................................................9

California Customer Records Act .......................................................5, 12, 22, 23

Federal Trade Commission Act .................................................................18, 24

Ind. Code § 24-5-0.5-4(a) ..............................................................................9

Indiana's Deceptive Consumer Sales Act ....................................................25

New York General Business Law § 349 .......................................................15

Texas Deceptive Practices Act ......................................................................25

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................5, 8, 24, 25

Fed. R. Civ. P. 12(b)(6).................................................................................1

Defendants Verizon Communications Inc. and Cellco Partnership (together, "Verizon"), through their undersigned attorneys, respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs FritzCo, LLC ("FritzCo"), Los Gatos-Saratoga Community Education And Recreation ("Los Gatos"), and The Law Office of Samuel M. Smith's ("Smith Law") (together, "Plaintiffs") Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6), and state as follows.

## PRELIMINARY STATEMENT

As a threshold matter, Plaintiffs Smith Law and FritzCo (the "Arbitration Plaintiffs") are bound by an unambiguous arbitration agreement, so they cannot bring claims—much less represent others—in this Court.  Because Verizon has moved to compel arbitration of those claims, the Court need not even consider the merits of their pleading until that motion has been decided. [1] But even if the Arbitration Plaintiffs had not agreed that an arbitrator should decide their claims, they fail nonetheless, as do Los Gatos'.

This is a case of misplaced blame.  Plaintiffs are victims of a scam, likely the result of social engineering, in which they disclosed their own account credentials, or of other actions that compromised their non-Verizon account information.  By this lawsuit, they now seek to shift the blame onto Verizon by claiming a breach of Verizon's computer network that neither Plaintiffs

---

[1] *See* Verizon's Motion to Compel Arbitration (ECF 31). Plaintiffs and their counsel have averred that the Arbitration Plaintiffs are bound by the Verizon Wireless Retail Major Account Agreement. ECF No. 26 (Am. Compl.) ¶ 80; ECF No. 21-1 (Pratsinakis Decl.) ¶ 4. That agreement contains a binding arbitration clause (the "Arbitration Agreement") wherein the parties "agree to arbitrate any dispute that arises under or relates to [the Verizon Wireless Retail Major Account] Agreement" which disposes of all claims brought by the Arbitration Defendants. ECF No. 21-2 (Arb. Agmt.) ¶ 25. To the extent it does not, Verizon incorporates the dismissal arguments herein against the claims brought by the Arbitration Defendants and will treat this Motion to Dismiss as if applicable to all Plaintiffs. Moreover, Plaintiffs further allege that Los Gatos signed "*an* agreement ██████████████" ECF No. 26 (Am. Compl.) ¶ 75 (emphasis added).  To the extent that discovery or future fact development reveals that Los Gatos is similarly bound by the Arbitration Agreement, Verizon hereby reserves its right to enforce said agreement for the reasons identified herein.

nor Verizon have any evidence occurred.  Because no such breach took place, Plaintiffs offer no facts to support their claim beyond speculative and otherwise boilerplate assertions.  But this Court need not even resolve the issue of breach, because Plaintiffs' claims fail as a matter of law and should be dismissed on the pleadings alone.

**No Cognizable Injury or Damages.**  "Plaintiffs fail to plausibly allege cognizable damages"—prima facie elements of each of their claims.  *Bohnak v. Marsh & McLennan Cos., Inc.*, 2022 WL 158537, at *6 (S.D.N.Y. Jan. 17, 2022).  Plaintiffs have failed to plead *any* facts plausibly demonstrating they were injured in a legally compensable way as a result of conduct by Verizon.  As a starting point, Plaintiffs claim in a vague and conclusory manner that ███████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ECF No. 26 (Am. Compl.) ¶ 1 (emphasis added).  Plaintiffs further allege that ███████████████ ████████████████████████ *Id.* ¶ 4.  Even if Verizon's system had been breached (and it was not), the fact of a breach itself does not give rise to compensable damage. And here, Plaintiffs' Amended Complaint "falls short in establishing that Plaintiffs have suffered legally cognizable injury to support their substantive claims."  *Bohnak*, 2022 WL 158537, at *6; *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) (the "'mere misappropriation of personal information' does not establish compensable damages").

Here, no Plaintiff alleges fraudulent and unreimbursed orders of phone equipment or other concrete financial harm.  And potential or theoretical harms like ill-defined █████████ ███████████████████████ (ECF No. 26 (Am. Compl.) ¶ 135) are the types of alleged harms courts consistently hold are not compensable.  *Bohnak*, 2022 WL 158537, at *6 (lost time and risk of future harm in connection with alleged data breach not compensable).  Likewise,

"email-bombing" or "spam" are part of digital life and do not qualify as legally compensable harms. *Cooper v. Bonobos, Inc.*, 2022 WL 170622, at *5 (S.D.N.Y. Jan. 19, 2022) ("Courts have generally rejected the theory that unsolicited calls or emails constitute an injury in fact."). Indeed, courts have rejected far more precise pleading allegations where "none of [Plaintiffs'] purported damages are sufficient to plausibly allege a claim upon which relief can be granted." *Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1236 (D. Nev. 2020), *aff'd*, 845 F. App'x at 614 (dismissing action involving disclosure of "name, date of birth, social security number, driver's license number, and unidentified 'financial information'").

**Both Negligence Claims Fail**. Beyond Plaintiffs' failure to allege damages, the economic loss doctrine ("ELD") bars their negligence and negligence *per se* claims because Plaintiffs cannot show physical harm, and the "special relationship" exception does not apply to this "ordinary arm's length transaction." *Naughright v. Weiss*, 826 F. Supp. 2d 676, 688 (S.D.N.Y. 2011). And even if their claims were not barred, Plaintiffs do not allege cognizable duties or breaches thereof.

**Implied Contract Claim Fails**. Plaintiffs' implied contract theory fails for multiple, independent reasons. To start, an implied contract cannot be had "where there is an express contract covering the subject-matter involved." *Bader v. Wells Fargo Home Mortg. Inc.*, 773 F.Supp.2d 397, 413 (S.D.N.Y. 2011) (quoting *Ludemann Elec., Inc. v. Dickran*, 903 N.Y.S.2d 532, 534 (2d Dep't 2010)); *see also Atlas Corp. v. United States*, 895 F.2d 745, 754 (Fed. Cir. 1990) ("The existence of an express contract precludes the existence of an implied contract dealing with the same subject...."). Plaintiffs' own allegations that they entered into a written agreement about the customer accounts at issue here alone are dispositive. *See* ECF No. 26 (Am. Compl.) ¶¶ 75, 80.[2] That Plaintiffs' agreements *expressly* contemplate an unauthorized disclosure of information

---

[2] Though Plaintiffs claim ████████████████████████████████████████ they have alleged that "Verizon Business customers agree to a set of 'Business Terms of Service' which

and expressly limit any liability for the loss of or wrongful access to data stored by Verizon only reinforces this conclusion.  ECF No. 21-2 (Verizon Account Agreement) ¶ 23; *see also* Ostrower Decl., Ex. A (ADSL Terms) ¶ 3.2 ("[Verizon] shall not be liable for unlawful use, or use by any unauthorized person, of its Service, or for any claim arising out of a breach in the privacy or security of communications transmitted by [Verizon]").   Apart from the existence of written agreements on the same subject, the implied contract claim also fails because Plaintiffs fail entirely to plead the nature and scope of any implied agreement, and the vague and conclusory allegation that Verizon "promised" to "comply with its statutory and common law duties and industry standards" falls short of the mark.  ECF No. 26 (Am. Compl.) ¶¶ 150, 152.  Even if Plaintiffs had pled an implied agreement to which Verizon had assented (and they do not), Plaintiffs still fail to adequately allege a breach of that agreement.  Instead, all of Plaintiffs' "breach" allegations are of the highest level of generalities, and "vague allegations" about a failure of reasonable security efforts are insufficient.  *See Gardiner v. Walmart Inc.*, 2021 WL 2520103, at *6 (N.D. Cal. Mar. 5, 2021) ("vague allegations do not establish how [defendant] failed to take reasonable measures to protect customer's data.").  Finally, Plaintiffs' failure to allege legally compensable harm dooms their implied contract claim, just as it does their other claims.

---

include 'Generally Available Terms and Conditions.'"  *See* ECF No. 26 (Am. Compl.) ¶¶ 75, 116 (the "ADSL Terms").  Accepting as we must the applicability of the ADSL Terms, for the Court's convenience, a copy is attached hereto as Exhibit A to the Declaration of Silvia N. Ostrower ("Ostrower Decl.").  While not attached to the Amended Complaint, Plaintiffs concede that the ADSL Terms are valid and central to Los Gatos' claims.  *See id.*  Thus, the Court may consider them for purposes of dismissal.  *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (considering agreement not attached to complaint in deciding motion to dismiss and holding that "'when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment"); *Garvey v. Wegmans*, 2018 WL 5983374, at *3 n.1 (N.D.N.Y. Nov. 14, 2018) (collecting cases, concluding "[a]lthough the Court is generally limited to the facts as stated in the complaint, it may consider exhibits or documents incorporated by reference without converting the motion to dismiss into one for summary judgment" and it "may also consider any document integral to the complaint").

**Unjust Enrichment Claim Fails**.  Plaintiffs' unjust enrichment relief claim is likewise barred by the existence of their admitted express agreements with Verizon.  Separately, Plaintiffs cannot pursue equitable remedies unless they can show they lack a remedy at law, which they plainly do not since they have requested monetary relief.

**Non-New York Law Claims Are Contractually Barred**.  Under the very agreements alleged in the Amended Complaint, Plaintiffs agreed to a broad New York choice-of-law provision that forecloses their statutory claims under California, Indiana, and Texas law.  *See*, *e.g.*, *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 219–20 (S.D.N.Y. 2019) (choice-of-law provision foreclosed claims under California law).  And even if Plaintiffs could assert statutory claims from other jurisdictions, such claims sound in fraud, and Plaintiffs have not pled them with the requisite particularity to meet Rule 9(b)'s heightened pleading standard.  Even if true, the theft of Plaintiffs' consumer information alone does not equate to a particularized showing that Verizon failed to maintain reasonable security measures.

**CCRA Claim Otherwise Fails**.  Separate and apart from the fact that the agreements applicable to this dispute bar claims under California law, Los Gatos' California Customer Records Act ("CCRA") claim fails out of the gate for lack of standing, as Los Gatos is not a "customer," for purposes of the CCRA, and only a "customer" can pursue a CCRA claim. Cal. Civ. Code § 1798.80(c)-(d) (defining "customer" as an "individual"—*i.e.*, a "natural person").

**UCL Claim Otherwise Fails**.  Los Gatos' claim under California's unfair competition laws ("UCL") fails for multiple reasons.  *First*, entities like Los Gatos are "individually capable of seeking relief" and are not appropriate UCL plaintiffs.  *Facebook, Inc. v. Rankwave Co.*, 2019 WL 8895237, at *12 (N.D. Cal. Nov. 14, 2019).  *Second*, the UCL is limited to equitable relief only, and Los Gatos cannot show it lacks adequate legal remedies.  *Sonner v. Premier Nutrition*

5

*Corp.*, 971 F.3d 834 (9th Cir. 2020).   *Third*, Los Gatos fails to allege injury-in-fact, a statutory prerequisite to UCL standing.  Cal. Bus. & Prof. Code § 17204.  *Finally*, Los Gatos fails to show any "unlawful," "fraudulent," or "unfair" conduct.

**Indiana and Texas Consumer Protection Claims Otherwise Fail**.   Even if the Arbitration Plaintiffs could bring claims under Indiana or Texas law (and they cannot), FritzCo and Smith Law's statutory consumer protection claims fail nonetheless, as neither can show the requisite injury or deceptive conduct by Verizon to support such a claim.

While it is unfortunate that Plaintiffs purportedly fell victim to fraud, they have failed to plead a legal basis to hold Verizon liable.  At minimum, Plaintiffs must plead plausible facts that a breach occurred, that it was Verizon's fault, and that it caused injury that is both causally related and compensable.  Plaintiffs cannot plead any of these things.  The Court has grounds to dismiss all their claims at the outset if not compelled to arbitration, and it should do so here.[3]

## BACKGROUND

With no  foundation  whatsoever,  Plaintiffs  claim  ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████   ECF No. 26 (Am. Compl.) ¶¶ 2–3, 7.  Plaintiffs fail to allege  when  this  happened,  much  less  how.   Although  Plaintiffs  speculate  ███████████ ████████████████████████████████████████████, they fail to detail how the alleged disclosure could or did result in legally compensable harm.  Rather than acknowledge that they likely  self-compromised  their  own  information  (through  social  engineering  or  otherwise),

---

[3] As demonstrated by Verizon's Motion to Compel Arbitration (ECF 31), this action should not proceed before this Court and cannot proceed as a class action.  To the extent unnamed class members also seek judicial relief, however, without further evidence, a motion to compel arbitration against them would be premature.  *Rushing v. Williams-Sonoma, Inc.*, 2020 WL 6787135, at *3 (N.D. Cal. Oct. 8, 2020).  Verizon nonetheless expressly reserves all rights without waiver to do so if the Court denies its motion to dismiss.

Plaintiffs proclaim that a breach must have occurred because:  (1) ███████████████ ████████████████████████████████████████████████████████ (*id.* ¶ 17); and (2) ████████████████████████████████████████████ ██████████████████████████ (*id.* ¶ 18).

Thus, on mere suspicion alone, Plaintiffs claim Verizon ███████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ECF No. 26 (Am. Compl.) ¶¶ 89–94.  More notable, however, is what Plaintiffs do not allege. Plaintiffs plead no specific nexus or causal chain between Verizon's data security and their alleged "injuries."   Plaintiffs fail even to specifically allege what information was compromised, but instead provide a laundry list of information that *may* have been compromised, based on information they claim to have provided Verizon.  Plaintiffs vaguely claim they provided Verizon with "confidential information" about their points of contact, "including email addresses, personal and business physical addresses, telephone numbers, [] EIN, and credit card information" (*id.* ¶¶ 39, 76, 82), and at some point thereafter, ██████████████████████████ ████████████████████████████ (*id.* ¶¶ 40-41, 77, 83). ████████████████ ████████████████████████ Importantly, however, they do not specifically allege that ████████████████████████ resulted in out-of-pocket losses.  *Id.* ¶¶ 57, 78, 84.

Rather, Plaintiffs rely on generic and speculative theories of harm untied to any specific alleged facts, such as: ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████. ECF No. 26 (Am. Compl.) ¶¶ 135, 145.

Based on these threadbare allegations, Plaintiffs bring eight claims against Verizon under various common law and statutory theories, none of which is tenable.

## ARGUMENT

### I.   Plaintiffs' Pleading Burden

To survive dismissal, Plaintiffs must allege facts that demonstrate a "plausible" basis for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly*, 550 U.S. at 556. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Allegations establishing no "more than a sheer possibility" of liability are insufficient. *Id.*

And for those claims that sound in fraud—*e.g.*, Counts Six through Eight—Plaintiffs must meet Rule 9(b)'s heightened pleading requirements. Plaintiffs must "adequately specify the statements [they] claim[] were false or misleading, give particulars as to the respect in which plaintiff[s] contend[] the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Miller v. Holtzbrinck Publishers, LLC*, 2009 WL 528620, at *3 (S.D.N.Y. Mar. 3, 2009). Plaintiffs fail to carry their pleading burden.

### II.   Each Of Plaintiffs' Claims Fails For Lack Of Injury And Damages

Each of Plaintiffs' claims requires a showing of cognizable injury or damages. *Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*, 131 N.Y.S.3d 817, 824 (N.Y. Sup. Ct. 2020) (plaintiff failed to allege injury in fact in data breach action involving claims for negligence, negligence *per*

*se*, breaches of implied and express contract, and violations of General Business Law); *Manning v. Pioneer Sav. Bank*, 55 N.Y.S.3d 587, 591 (N.Y. Sup. Ct. 2016) (dismissing negligence, breach of implied contract, and unjust enrichment claims because "plaintiff must have an injury in fact in order to bring a cause of action against a particular defendant"); *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 449 (S.D.N.Y. 2020), *aff'd*, 2021 WL 5754295 (2d Cir. Dec. 3, 2021) (plaintiff's "failure to 'allege or prove an identifiable monetary or property injury' requires the Court to dismiss this [UCL] claim"); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *10 (S.D. Cal. Nov. 3, 2016) ("As an initial matter, proof of damages is a threshold hurdle for both CRA causes of action."); Cal. Civ. Code § 1798.84(b) (limiting standing to "[a]ny customer injured by a violation of [the CRA]"); Ind. Code § 24-5-0.5-4(a) ("A person relying upon [a] ... deceptive act may bring an action for the *damages actually suffered* as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.") (emphasis added); *Coffey v. Fort Wayne Pools, Inc.*, 24 F. Supp. 2d 671, 684 (N.D. Tex. 1998) ("To prevail on a DTPA claim, a consumer must prove that a defendant violated a specific provision of the Act and that this violation was a producing cause of the consumer's injury."); *Chamrad v. Volvo Cars of N. Am.*, 145 F.3d 671, 672 (5th Cir. 1998). Here, Plaintiffs fail to show the requisite injury or damages.

### A. Plaintiffs Agreed To A Limitation Of Liability Provision That Bars The Relief They Seek

Plaintiffs cannot establish prima facie damages in light of the limitation of liability provisions to which they agreed. In particular, the Arbitration Plaintiffs agreed Verizon would not be liable "FOR ANY INDIRECT, SPECIAL, CONSEQUENTIAL, INCIDENTAL OR PUNITIVE DAMAGES." ECF No. 21-2 (Verizon Account Agreement) ¶ 23. And Los Gatos agreed that "liability of Verizon for damages is limited to liability arising solely and ***directly*** from

mistakes, omissions, interruptions, delays, errors, or defects in transmission occurring in the course of furnishing Service that are ***not caused [] by acts or omissions of any other person***, and shall in no event exceed an amount equal to the charges Company would assess Customer during the period during which mistakes, omissions, interruptions, delays, errors, or defects in transmission occurred." Ostrower Decl., Ex. A, (ADSL Terms) ¶ 3.1 (emphasis added).

Yet Plaintiffs seek precisely those types of unavailable damages in connection with their claims.[4] Indeed, Plaintiffs claim theoretical indirect (and self-inflicted) harms, such as ███████████ ██████████████████████████████████████████████████████ and "credit monitoring services." ECF No. 26 (Am. Compl.) ¶¶ 135, 145. But those, however, constitute "indirect, special, consequential, incidental" damages which they agreed to forego. *See*, *e.g.*, *In re Brinker Data Incident Litig.*, 2020 WL 691848, at *13 (M.D. Fla. Jan. 27, 2020) ("[U]nauthorized charges, lost time [] are all consequential damages.").

Moreover, Plaintiffs agreed to the application of New York law in the Verizon Account Agreements. ECF No. 21-2 (Verizon Account Agreement) ¶ 30; Ostrower Decl., Ex. A (ADSL Terms) ¶ 17. And courts applying New York law have held that limitation of liability provisions like the ones in the Verizon Account Agreement and ADSL Terms "represent a reasonable allocation of risks, and are not unfair." *In re Chateaugay Corp.*, 162 B.R. 949, 961 (Bankr.

---

[4] As stated above, though Plaintiffs allude to ███████████ (*e.g.*, ECF No. 26 (Am. Compl.) ¶¶ 57, 73, 92), they do not seek damages in connection with ████████. Nor could they, as Plaintiffs do not claim to be out of pocket any money in connection with ████████. *Whalen v. Michael Stores Inc.*, 153 F. Supp. 3d 577, 580–81 (E.D.N.Y. 2015) (plaintiff lacked standing in data breach case where there were "no allegations that [she] was required to pay the [fraudulent] charges,"), *aff'd sub nom. Whalen v. Michaels Stores, Inc.*, 689 F. App'x 89 (2d Cir. 2017); *see also Torres v. Wendy's Co.*, 195 F. Supp. 3d 1278, 1283 (M.D. Fla. 2016) (dismissing case where plaintiff "ha[d] not alleged that the two fraudulent charges went unreimbursed by his credit union and ha[d] experienced no additional actual harm since then"); *Provost v. Aptos, Inc.*, 2018 WL 1465766, at *3 (N.D. Ga. Mar. 12, 2018) (no injury to plaintiff where she failed to allege that "she requested reimbursement from her bank or that she was denied such reimbursement").

S.D.N.Y. 1994) (enforcing limitation of damages clause); *see also Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, 2018 WL 6444934, at *9 (S.D.N.Y. Dec. 10, 2018), *objections overruled*, 2020 WL 3483632 (S.D.N.Y. June 26, 2020) (dismissing case where "plaintiffs have alleged no harm to human life or property, nor even the risk of such harm as a result of defendants' conduct" which could circumvent contractual limitation of liability provision).  That reasoning applies with greater force here, given Plaintiffs are sophisticated entities that entered into their agreements for business purposes.  *In re Chateaugay Corp.*, 162 B.R. at 960 ("It is extremely rare for a court to find an unconscionable limitation on consequential damages in a contract between experienced businessmen [] in a commercial setting.").

### B.  Plaintiffs Otherwise Fail To Allege Cognizable Injury Or Damages

Even if Plaintiffs could overcome the limitation of liability provisions contained in their respective agreements, Plaintiffs fail nonetheless to plead cognizable injury or damages.

As to their common law negligence claim, Plaintiffs claim damages in the form of the alleged ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████  ECF No. 26 (Am. Compl.) ¶ 135.

As to their negligence *per se* and implied contract claims, Plaintiffs claim damages in the form of "inconvenience and exposure to a heightened, imminent risk of fraud, identity theft, and financial harm," which allegedly caused them to "more closely monitor their financial accounts, credit histories and business records to guard against identity theft." *Id*. ¶¶ 145, 155.  But, as discussed below, those claims are not compensable as a matter of law.  Plaintiffs further claim the "monetary difference between the amount paid for services as promised and the services actually provided," along with unspecified "other damages consistent with the theft of their information" *Id*. ¶ 145. But Plaintiffs fail to provide any factual detail to support these claims.

11

As to their consumer protection claims, Plaintiffs primarily copy allegations from their common law claims.  ECF No. 26 (Am. Compl.) ¶¶ 170, 178 (CCRA); 180 (UCL); 191 (IDCSA); 216 (TDTPA).  Plaintiffs also claim loss of "value of their Confidential Information, including but not limited to the diminishment of their present and future property interest in their Private Information," and suffered "business interruptions, and lost money or property, including monetary damages from fraud and identity theft."  *Id*. ¶ 188; *see also id.* ¶¶ 190–91, 213, 216.

Courts in New York and throughout the country have dismissed similar data breach class actions based on the plaintiff's "fail[ure] to adequately allege damages stemming from a data breach of [defendant] by third parties."  *Pruchnicki*, 845 F. App'x at 614; *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 639 (7th Cir. 2007) (collecting cases; holding, "[w]ithout more than allegations of increased risk of future identity theft, the plaintiffs have not suffered a harm that the law is prepared to remedy"); *Hammond v. The Bank of New York Mellon Corp.*, 2010 WL 2643307, at *2 (S.D.N.Y. June 25, 2010) (collecting cases; dismissing action "because [Plaintiffs] claim to have suffered little more than an increased risk of future harm … of their personal information[,]" adding, the *"*alleged increased risk of identity theft is insufficient to support Plaintiffs' substantive claims") (citing *Shafran v. Harley-Davidson, Inc.*, 2008 WL 763177, at *3 (S.D.N.Y. Mar. 20, 2008) (dismissing negligence claim where "Plaintiff's alleged injuries are solely the result of a perceived and speculative risk of future injury that may never occur")); *Sanwep Rest. Corp. v. Consol. Edison Co. of N.Y.*, 204 A.D.2d 71, 71 (1st Dep't 1994) ("Generally, economic loss from business interruption is not recoverable in damages where the claim is based upon lost profits, revenues or labor productivity which are 'speculative' in nature[.] "); *Gardiner v. Walmart, Inc.*, 2021 WL 4992539, at *6 (N.D. Cal. July 28, 2021); *Sallie Holly v. Alta Newport Hosp., Inc.*, 2020 WL 6161457, at *5 (C.D. Cal. Oct. 21, 2020) ("Accordingly, the Court again finds Holly's

conclusory and vague allegations insufficient to establish that she suffered actual damages as a result of the data breach."); *Hammer v. Sam's E., Inc.*, 2013 WL 3756573, at *3 (D. Kan. July 16, 2013) (increased risk of identity theft is a "future-oriented, hypothetical, and conjectural" claim); *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 916 (N.D. Cal. 2009), *aff'd*, 380 F. App'x 689, 693 (9th Cir. 2010).  None of the Plaintiffs' conclusory allegations sufficiently allege injury or damages:

Lost information value.  Plaintiffs claim they lost the "value of their Confidential Information, including but not limited to the diminishment of their present and future property interest in their Private Information."  ECF No. 26 (Am. Compl.) ¶ 188.  "In order to survive a motion to dismiss on this theory of damages, a plaintiff 'must establish both the existence of a market for her personal information and an impairment of her ability to participate in that market.'" *Pruchnicki*, 439 F. Supp. 3d at 1234 (quoting *Svenson v. Google Inc.*, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016)); *see also Wallace v. Health Quest Sys., Inc.*, 2021 WL 1109727, at *8 (S.D.N.Y. Mar. 23, 2021) ("[Diminished value of PII] allegations are actionable only if the plaintiff also alleges the existence of a market for that information and how the value of such information could have decreased due to its disclosure."); *In re Google, Inc. Privacy Policy Litig.*, 2015 WL 4317479 at *5 (N.D. Cal. July 15, 2015) (same).[5]  Plaintiffs plead neither here.  "[T]here are no specific allegations that [P]laintiff[s] ha[ve] been unable to sell, profit from, or otherwise monetize [their] personal information." *Pruchnicki*, 439 F. Supp. 3d at 1235.  Similarly, "there are no specific allegations suggesting how the value of [their] personal information has been reduced." *Id.*  Likewise, Plaintiffs do "not allege that [they] tried to sell [their] information and

---

[5] *See also Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 755 (W.D.N.Y. 2017) ("Courts have rejected allegations that the diminution in value of personal information can support standing.") (citing *Welborn v. Internal Revenue Serv.*, 218 F. Supp. 3d 64, 78 (D.D.C. 2016) (collecting cases; "Courts have routinely rejected the proposition that an individual's personal identifying information has an independent monetary value")).

w[ere] prevented from doing so." *Id*.  Finally, Plaintiffs do "not allege that there was a reduction in the value of [their] personal information." *Id*.  For all these reasons, Plaintiffs' claims fail.

Identity theft and fraud.  Plaintiffs' allege "monetary damages from fraud and identity theft."  ECF No. 26 (Am. Compl.) ¶ 188.  Plaintiffs, however, fail to identify a single instance of theft or fraud with any degree of particularity that resulted in the expenditure of any non-reimbursed funds.  *See supra* n.4.  Conclusory allegations of identity theft or fraud without more are not enough.  Plaintiffs must specify how any allegedly compromised information could and was used to commit fraud that resulted in non-reimbursed losses.  *Whalen*, 689 F. App'x 90. Plaintiffs have not done so, so their claims must fail.

Expenditures on alleged prophylactic measures.  Plaintiffs seek damages related to the alleged monitoring of their accounts for fraudulent activity.  ECF No. 26 (Am. Compl.) ¶ 188.  But the Second Circuit has definitively foreclosed that theory.  *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 303 (2d Cir. 2021) ("Where plaintiffs take steps to protect themselves following an unauthorized data disclosure, can the cost of those proactive measures alone constitute an injury in fact?  [T]he answer is 'no.'").  Even before that pronouncement, "[c]ourts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy." *Shafran,* 2008 WL 763177, at \*3; *Willey v. J.P. Morgan Chase*, 2009 WL 1938987, at \*10 (S.D.N.Y. July 7, 2009) ("claims for expenses related to credit monitoring, anxiety, emotional distress, and loss of privacy" did not "rise to the level of actual damages").  Even still, Plaintiffs "offer[] no factual allegations in support of the alleged credit monitoring services, nor do[] [they] sufficiently allege that such services were reasonable and necessary." *Gardiner v. Walmart Inc.*, 2021 WL 2520103, at \*6 (N.D. Cal. Mar. 5, 2021); *see also In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d

14

953, 993 (N.D. Cal. 2016) ("Several district courts within the Second Circuit have relied upon *Shafran* to find that 'Out of Pocket Costs' and 'Imminent Risk of Further Costs' do not represent injuries cognizable under GBL § 349.")

    <u>Lost time</u>.  Plaintiffs claim they ████████████████████████████████████ ██████████████████████ ECF No. 26 (Am. Compl.) ¶ 135.  Lost time alone, however, "is not a cognizable injury sufficient to support the element of damages." *Pruchnicki*, 439 F. Supp. 3d at 1233; *see also Bohnak*, 2022 WL 158537, at *6 (S.D.N.Y. Jan. 17, 2022) ("As to Plaintiffs' allegations that they have suffered loss of time and money responding to the increased risk of harm, these damages are not cognizable because they are not proximately caused by the harm of disclosure."); *Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*, 131 N.Y.S.3d 817, 823 (N.Y. Sup. Ct. 2020) (lost "time, money, and other resources spent to mitigate against risks" are not cognizable); *Corona v. Sony Pictures Entm't, Inc.*, 2015 WL 3916744, at *4 (C.D. Cal. June 15, 2015) (lost time "too speculative to constitute cognizable injury").

    <u>Allegedly imminent risk of future harm</u>.  Plaintiffs claim they have been "inconvenience[d] and expos[ed] to a heightened, imminent risk of fraud, identity theft, and financial harm."  ECF No. 26 (Am. Compl.) ¶ 145.  But such alleged damages "are neither certain nor capable of proof with reasonable certainty."  *Bohnak*, 2022 WL 158537, at *6 ("Alleged injuries that stem from the danger of future harm are insufficient to support" prima facie damages); *Pruchnicki*, 439 F. Supp. 3d at 1232; *see also Hammond*, 2010 WL 2643307, at *2 (alleged "risk of future harm" deemed too "future-oriented, hypothetical, and conjectural").

    <u>Alleged overpayment</u>.  To the extent Plaintiffs claim an alleged overpayment for goods or services, they fall short.  ECF No. 26 (Am. Compl.) ¶ 145 (claiming losses in the form of the "monetary difference between the amount paid for services as promised and the services actually

provided").  Plaintiffs fail to specifically allege how they did not receive exactly the service they paid for.  Among other things, Plaintiffs "do[] not provide any information to show that [they] paid a premium for [Verizon] to provide reasonable and adequate security measures."  *Razuki v. Caliber Home Loans, Inc.*,  2018 WL 6018361, at *1 (S.D. Cal., Jan. 8, 2021).  There are no allegations whatsoever that Plaintiffs paid Verizon a specified "sum understood by the parties to be allocated toward customer data protection."  *Gardiner*, 2021 WL 2520103, at *6; *see also Fero,* 236 F. Supp. 3d at 755 (no standing absent "factual allegations that would support the claim that Plaintiffs paid a specific amount of money for data security").  In fact, the Verizon Account Agreement and ADSL Terms expressly say otherwise.  ECF No. 21-2 (Verizon Account Agreement) ¶ 22 (Verizon "SHALL NOT BE LIABLE" for any "LOSS OF OR WRONGFUL ACCESS TO DATA"); Ostrower Decl., Ex. A (ADSL Terms) ¶ 3.2 ("[Verizon] shall not be liable for unlawful use, or use by any unauthorized person, of its Service, or for any claim arising out of a breach in the privacy or security of communications transmitted by [Verizon]."); *id*. ¶ 3.5 ("[Verizon] shall not be liable for any damages Customer may incur as a result of the unauthorized use the Services provided under this Agreement.").

Mental anguish.  Smith Law claims "mental anguish" as part of its statutory claim.  ECF No. 26 (Am. Compl.) ¶¶ 230, 232.  But corporate entities such as Smith Law cannot suffer emotional distress.  *Perry v. Manocherian*, 675 F. Supp. 1417, 1430 (S.D.N.Y. 1987) ("this court fails to see how an entity can suffer emotional distress"); *Forest Bay Constr. of N.Y. v. Director Door Corp.*, 707 N.Y.S.2d 329, 330 (2d Dep't 2000) ("the judgment improperly included a provision awarding the plaintiff, a corporation, damages for emotional distress"); *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994) (a "corporation cannot suffer emotional distress").

**III.**     **The Nationwide Class Claims Fail For Additional, Independent Reasons**

Plaintiffs' nationwide claims for negligence, negligence *per se*, implied contract, and unjust enrichment fail for reasons beyond the failure to plead cognizable injury or damages.

**A.     Plaintiffs' Negligence Claim Fails**

To state a negligence claim, Plaintiff must show the "existence of a duty, a breach of that duty, and damages proximately caused by that breach of duty." *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 303 (N.D.N.Y. 2012).

Plaintiffs' negligence claim begins and ends with the ELD, which bars recovery in tort where no physical injury or property damage is alleged. *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc*., 96 N.Y.2d 280 (2001) ("[U]nder the economic loss rule: there can be no recovery in tort for purely economic harm where plaintiff has alleged neither physical injury nor property damage."). Plaintiffs simply incanting the phrase "special relationship" does not make it so.  Plaintiffs have not and cannot establish anything "beyond an ordinary arm's length transaction" with Verizon. *Naughright v. Weiss,* 826 F. Supp. 2d 676, 688 (S.D.N.Y. 2011); *MBIA Ins. Corp. v. Royal Bank of Canada,* 2010 WL 3294302, at *34 (N.Y. Sup.Ct. Aug. 19, 2010) ("The special relationship is limited to situations involving a 'fiduciary relationship or a position of trust or confidence ... [and] [c]ommercial parties acting at arms' length in negotiating a contract are not in a special relationship."). No special relationship exists;  the negligence claim is barred.

While the ELD alone is dispositive, Plaintiffs' negligence claim fails for additional reasons. Plaintiffs fail entirely to specify what duty, if any, Verizon owed to Plaintiffs, how Verizon breached that supposed duty, or how Verizon supposedly breached that duty in a manner that actually and proximately caused them harm.  Unable to do so, Plaintiffs instead make a single conclusory statement that ████████████████████████████████████

████████████████████████████████████████████████████████████

ECF No. 26 (Am. Compl.) ¶¶ 128, 134.  Plaintiffs' conclusory assertions claiming ████████ ████████ carry no weight.  *Gardiner*, 2021 WL 2520103, at *6 ("[V]ague allegations do not establish how Walmart failed to take reasonable measures to protect customer's data."); *Razuki*, 2018 WL 6018361, at *2 (plaintiff could not "simply recite[] a few buzz words with the hope that he may be able to figure out later what, if anything, [defendant] has done wrong").

### B.      Plaintiffs' Negligence *Per Se* Claim Fails

Plaintiffs' negligence *per se* claim fails for the same reasons as the negligence claim—*i.e.,* the ELD bars their claim, and Plaintiffs otherwise fail to plead the requisite causation and damages. Plaintiffs' pleading problems, however, do not end there.

*First*, Plaintiffs "still must establish that the statutory violation was the proximate cause of the occurrence."  *Dance v. Town of Southampton*, 467 N.Y.S.2d 203, 206 (2d Dep't 1983).  And, for reasons stated herein, Plaintiffs have not pled any violation of the law by Verizon.

*Second*, Plaintiffs cannot predicate a negligence *per se* claim on an alleged violation of the FTC Act because no private right of action exists under that statute.  ECF No. 26 (Am. Compl.) ¶ 138; *Lugo v. St. Nicholas Assocs.*, 772 N.Y.S.2d 449, 454–55 (N.Y. Sup. Ct. 2003) ("If mere proof of a violation of the [FTC Act] were to establish negligence *per se*, plaintiff would effectively be afforded a private right of action that the [FTC Act] does not recognize.").

### C.      Plaintiffs' Breach of Implied Contract Claim Fails

Plaintiffs' implied contract claim fails for multiple, independent reasons.  *First*, as stated above, Plaintiffs fail to plead cognizable damages, a prima facie element.  *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC,* 736 F. App'x 274, 279 (2d Cir. 2018) (damages are "an essential element of a breach of contract claim").

*Second*, Plaintiffs fail to plead the formation of an implied-in-fact contract—much less a breach thereof. *Lapine v. Seinfeld*, 918 N.Y.S.2d 313, 318 (N.Y. Sup. Ct. 2011) ("The elements of an implied-in-fact contract are the same as the elements of an express contract: "consideration, mutual assent, legal capacity and legal subject matter."). Plaintiffs assert an implied contract existed in conclusory fashion. ECF No. 26 (Am. Compl.) ¶¶ 149-155. Plaintiffs, however, fail to state when or how the parties reached an agreement, much less the specific terms of that supposed agreement. To the extent Plaintiffs now want to assert the existence of a separate implied agreement requiring Verizon to take specific security measures, Plaintiffs have failed to identify with any precision what measures were allegedly agreed upon and required. *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1369 (S.D. Fla. 2017) (dismissing implied contract claim because "[n]othing in the … [c]omplaint gives rise to a factual inference that the [d]efendants tacitly agreed to secure her personal data in exchange for remuneration"); *see also Longenecker-Wells v. BeneCard Servs., Inc.*, 2015 WL 5576753, at *7 (M.D. Pa. Sept. 22, 2015), *aff'd* 658 F. App'x. 659 (3d Cir. 2016) (dismissing implied contract claim because "it is implausible that [defendants] would ever agree to allow others to bring private actions against them for data breaches committed by unknown third parties"). What specific duties did Verizon agree to undertake? Under what standards? How and when did the parties reach such a complex agreement when their respective contracts say none of those things? And how specifically did Verizon fall short of those unspoken, unwritten "promises"? Pleading deficiencies abound.

*Finally*, Plaintiffs admit they have express contracts with Verizon, which define their respective obligations with precision. Yet Plaintiffs fail to quote a single provision in their *actual* contracts that Verizon allegedly breached. To the contrary, the express written agreements between the parties foreclose the theories of liability they pursue here. Under the plain term of the

written agreements between the parties, Plaintiffs specifically agreed Verizon would not be liable for any alleged "LOSS OF OR WRONGFUL ACCESS TO DATA" (ECF No. 21-2 (Verizon Account Agreement) ¶ 22) or "for any claim arising out of a breach in the privacy or security of communications transmitted by [Verizon]." Ostrower Decl., Ex. A (ADSL Terms) ¶ 3.2. Plaintiffs cannot pursue an implied contract theory that flatly contradicts their *actual* agreements with Verizon. *See Ludemann Elec., Inc.*, 903 N.Y.S.2d at 534 ("A contract cannot be implied in fact … where there is an express contract covering the subject-matter involved").

### D.    Plaintiffs' Unjust Enrichment Claim Fails

To state an unjust enrichment theory, Plaintiffs "must allege that [they] conferred a benefit upon [Verizon], and that [Verizon] will obtain such benefit without adequately compensating [Plaintiffs] therefor." *Smith v. Chase Manhattan Bank, USA, N.A.*, 741 N.Y.S.2d 100, 102 (2d Dep't 2002). Plaintiffs' unjust enrichment theory fails on multiple fronts.

*First*, where, as here, an unjust enrichment theory "simply duplicates" a "conventional contract or tort claim," it must be dismissed. *Price v. L'Oréal USA, Inc.*, 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017); *see also Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *5 (S.D.N.Y. Aug. 30, 2018) (dismissing unjust enrichment claim because it was "premised on the same alleged misrepresentation" as other statutory and tort claims); *Digizip.com, Inc. v. Verizon Servs. Corp.*, 139 F. Supp. 3d 670, 683 (S.D.N.Y. 2015) (dismissing unjust enrichment claim because "there [was] nothing to distinguish [] unjust enrichment claim from its breach of contract claim"); *Anwar v. Fairfield Greenwich Ltd.*, 831 F. Supp. 2d 787, 796 (S.D.N.Y. 2011), *aff'd sub nom. Pujals v. Standard Chartered Bank*, 533 F. App'x 7 (2d Cir. 2013) ("Plaintiffs claim unjust enrichment in the alternative to their breach of contract claim. 'It is blackletter law that the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy.'"). And here, Plaintiffs admittedly agreed to contracts with Verizon under

which they could pursue legal remedies (if they could state a claim for the breach thereof).  On top of that, Plaintiffs' unjust enrichment theory is predicated on the same underlying facts as their implied contract and statutory claims—*i.e.*, that Verizon failed to safeguard and protect their alleged information.  *See*, *e.g.*, ECF No. 26 (Am. Compl.) ¶¶ 149–155, 156–169.  Plaintiffs' unjust enrichment theory fails on that basis alone.

*Second*, Plaintiffs fail to plead facts showing Verizon "obtained a benefit which in 'equity and good conscience' should be paid to the plaintiff."  *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012).  Rather, Plaintiffs claim, in conclusory fashion, that "Verizon was benefitted by the conferral upon it of the Confidential Information pertaining to Plaintiffs and Class Members and by its ability to retain and use that information."  ECF No. 26 (Am. Compl.) ¶ 159.  Even if Plaintiffs' alleged information had intrinsic value, they fail to plead facts showing Verizon sold or otherwise monetized such information.  *See*, *e.g.*, *In re Google, Inc. Privacy Policy Litig.*, 2015 WL 4317479 at *5 (dismissing claim where "neither the existence of a market [PII] nor any impairment of their ability to participate in that market" was pleaded).

Indeed, Plaintiffs fail to plead any facts showing Verizon used Plaintiffs' alleged information in a manner that the parties' agreement did not contemplate.  Stated differently, this is not the "[t]ypical cas[e] … in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled."  *Corsello*, 18 N.Y.3d at 790.  The claim fails.

## IV.   The State Subclass Claims Should Be Dismissed

Plaintiffs' statutory claims under California, Texas, and Indiana law fail for multiple, independent reasons, beyond their failure to plead cognizable injury or damages.

### A.   Plaintiffs' Statutory Consumer Protection Claims Are Barred By Contract

*First*, the New York choice-of-law provisions in the ADSL Terms and Verizon Account Agreements foreclose Plaintiffs' statutory consumer protection claims under California, Indiana,

and Texas law.  The terms of those agreements require that New York law alone governs.  ECF No. 21-2 (Verizon Account Agreement) ¶ 30 ("[T]he laws of the State of New York shall govern the validity, construction and performance of this Agreement, subject to the provisions of the 'Dispute Resolution' section above[.]"); Ostrower Decl., Ex. A (ADSL Terms) ¶ 17 ("All disputes relating to this Agreement shall be resolved through the application of such laws.").  And these choice-of-law provisions not only extend to the statutory claims Plaintiffs assert here, it bars them. *Bausch & Lomb Inc. v. Mimetogen Pharm., Inc.*, 2016 WL 2622013, at *8 (W.D.N.Y. May 5, 2016) (clause encompassing parties' "[a]greement and all claims related to it" applied to tortious interference claims); *Holmes v. Apple Inc.*, 2018 WL 3542856, at *12 n.12 (S.D.N.Y. July 23, 2018); *Canon U.S.A., Inc. v. Cavin's Bus. Sols., Inc.*, 208 F. Supp. 3d 494, 497 (E.D.N.Y. 2016) (dismissing "plaintiff's claims under the consumer protections laws of North Carolina, Nevada, and Florida because the parties agreed in the Dealer Agreements to a New York choice-of-law provision"); *Cont'l Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059, 1070 (E.D. Cal. 2006) ("A valid choice-of-law provision selecting another state's law is grounds to dismiss a claim under California's UCL."); *Medimatch, Inc. v. Lucent Techs., Inc.,* 120 F.Supp.2d 842, 861 (N.D. Cal. 2000) (agreement that "construction, interpretation and performance of this Agreement shall be governed by the local laws of the State of New Jersey" required dismissal of UCL claims).

### B.    Los Gatos' CCRA Claim Otherwise Fails

Beyond the inability to pursue claims under California law, Los Gatos' CCRA claim fails for additional reasons.  *First*, only "natural persons" have standing under the CCRA, and Los Gatos is not a "natural person."  Standing under the CCRA is limited to "customers," which are defined as "individual[s] who provide[] personal information to a business for the purpose of purchasing or leasing a product or obtaining a service from the business."  Cal. Civ. Code § 1798.80(c).

"Individuals," in turn, are expressly limited to "natural person[s]." *Id.* § 1798.70(d). Because Los Gatos is not a "natural person," it lacks standing even to bring a CCRA claim.

*Second*, even if Los Gatos had standing, its CCRA claim fails nonetheless. To state a CCRA claim, Los Gatos must show Verizon failed to "implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure." *Anderson v. Kimpton Hotel & Rest. Grp., LLC*, 2019 WL 3753308, at *5 (N.D. Cal. Aug. 8, 2019) (quotations omitted). And here, Los Gatos' "vague allegations do not establish how [Verizon] failed to take reasonable measures to protect customer's data." *Gardiner*, 2021 WL 2520103, at *6; *see also Razuki*, 2018 WL 6018361, at *2 (dismissing CCRA claim after plaintiff "simply recited a few buzz words with the hope that he may be able to figure out later what, if anything, [defendant] has done wrong"). The CCRA claim should be dismissed.

### C.     Los Gatos' UCL Claim Otherwise Fails

To state a claim under the UCL, Los Gatos must show an "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability."). It failed to do so.

*First*, the UCL claim—which allows for equitable relief only—fails under the Ninth Circuit's *Sonner* decision, as Los Gatos cannot show it lacked adequate legal remedies. Indeed, Los Gatos specifically seeks money damages, thus acknowledging legal remedies are adequate. *Sonner*, 971 F.3d at 845. The claim fails on this basis alone.

*Second*, Los Gatos lacks statutory standing under the UCL claim because it cannot show it "lost money or property" as a result of any alleged conduct by Verizon. Cal. Bus. & Prof. Code § 17204. Indeed, the pleading requirements for "lost money or property" under the UCL are far

more stringent than those required for Article III standing, and Los Gatos does not meet them for the reasons stated above. *Gardiner*, 2021 WL 2520103, at *8 (no lost money or property where plaintiff claimed "overpayment, increased risk of identity theft, and time and money spent mitigating the risk of fraud"). The UCL claim fails for that additional reason.

*Third*, Los Gatos has not shown any unlawful, unfair, or fraudulent conduct. As to "unlawful" conduct, it cites the CCRA, the FTC Act, and the common law. ECF No. 26 (Am. Compl.) ¶ 184–185. Los Gatos, however, fails to state violations of any of those laws for reasons stated herein. As to "unfair" conduct, Los Gatos repeats its vague and conclusory assertion that Verizon "[f]ail[ed] to implement and maintain reasonable security measures" *Id.* ¶ 183. Again, however, Los Gatos' "vague allegations do not establish how [Verizon] failed to take reasonable measures to protect customer's data." *Gardiner*, 2021 WL 2520103, at *6. As to "fraudulent" conduct, Los Gatos fails to plead any fraud whatsoever, much less with the requisite degree of particularity. There are no particularized facts regarding any false representations by Verizon or any omissions for which Verizon had a duty to disclose. *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) ("[T]o be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."); *Noll v. eBay, Inc.*, 282 F.R.D. 462, 468 (N.D. Cal. 2012) (applying Rule 9(b) to UCL claims). Nor could Los Gatos plead such facts. Verizon openly disclosed in the ADSL Terms that it "shall not be liable for unlawful use, or use by any unauthorized person, of its Service, or for any claim arising out of a breach in the privacy or security of communications transmitted by Verizon." Ostrower Decl., Ex. A (ADSL Terms) ¶ 3.2; *see also id.* ¶ 3.5 ("[Verizon] shall not be liable for any damages Customer may incur as a result of the unauthorized use the Services provided under this

Agreement.").   Conclusory assertions that Verizon misrepresented the security obligations it agreed to undertake are just that—conclusory assertions carrying no weight.

*Finally*, entities like Los Gatos that are "'individually capable of seeking relief' are *not* appropriate UCL plaintiffs." *Facebook, Inc. v. Rankwave Co*., 2019 WL 8895237, at *12 (N.D. Cal. Nov. 14, 2019); *Linear Tech. Corp. v. Applied Materials, Inc*., 61 Cal. Rptr. 3d 221, 237 (Ct. App. 2007) (affirming dismissal of UCL claim where "alleged victims are … corporate customers;" adding, "where a UCL action is based on contracts not involving either the public in general or individual consumers who are parties to the contract, a corporate plaintiff may not rely on the UCL for the relief it seeks").  Los Gatos' UCL claim fails on multiple fronts.

### D.   FritzCo And Smith Law's Statutory Consumer Protection Claims Under Indiana And Texas Law Otherwise Fail

Aside from their failure to allege prima facie injury and damages, the Arbitration Defendants fail to allege any deceptive conduct by Verizon—much less with the requisite degree of particularity.  The Deceptive Consumer Sales Act and the Deceptive Practices Act both require particularized allegations of deception.  *Hash v. First Fin. Bancorp*, 2021 WL 859736, at *9 (S.D. Ind. Mar. 8, 2021) (claims under Indiana's Deceptive Consumer Sales Act must be pled with particularity); *Banda v. Allstate Prop. & Cas. Ins. Co.*, 2020 WL 3972537, at *4 (S.D. Tex. July 14, 2020) ("[C]laims under the Texas Deceptive Practices Act are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).").  And for the reasons stated above, Plaintiffs do not come close to pleading any deception on the part of Verizon whatsoever.

## <u>CONCLUSION</u>

For these reasons, the Court should dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice.

Dated: New York, New York
February 22, 2022

Respectfully Submitted,

HUNTON ANDREWS KURTH LLP

By:  _/s/ Silvia N. Ostrower_
Silvia N. Ostrower
200 Park Avenue, 52nd Floor
New York, New York 10166-0005
212-309-1000
sostrower@hunton.com

Ann Marie Mortimer (*pro hac vice pending*)
Jason J. Kim (*pro hac vice* pending)
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
213-532-2000
amortimer@hunton.com
kimj@hunton.com

*Attorneys for Defendants Verizon
Communications Inc. and Cellco Partnership*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2022, I served the foregoing on all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

<u>/s/ Silvia N. Ostrower</u>
Silvia N. Ostrower