UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**FRITZCO LLC, LOS GATOS-SARATOGA COMMUNITY EDUCATION AND RECREATION, and THE LAW OFFICE OF SAMUEL M. SMITH,** on behalf of themselves and all others similarly-situated,

   Plaintiffs,

   v.

**VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP (D/B/A VERIZON WIRELESS),**

   Defendants.

**CASE NO.** 1:**21-cv-10432-JPO**

**PROTECTIVE ORDER**

J. PAUL OETKEN, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.   Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.   The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

  (a)   previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

  (b)   previously nondisclosed material relating to ownership or control of any non-public company;

  (c)   previously nondisclosed business plans, product development information, internal policies and procedures, or marketing plans;

  (d)   any information of a personal or intimate nature regarding any individual; or

  (e)   any other category of information hereinafter given confidential status by the Court.

3.   The person producing any given Discovery Material may designate as Highly Confidential only such material the public disclosure of which will cause potential security risk to the producing party.

4.   With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5.   With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential / or Highly Confidential Information Governed by Protective Order"; or

(b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential.

6.   If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Highly Confidential under the terms of this Protective Order.

7.   No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)   the Parties to this action, their insurers, and counsel to their insurers;

(b)   counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)   outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)   any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

3

(h)    any mock jurors or focus group participants, or professional jury or trial consultants, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i)    stenographers engaged to transcribe depositions conducted in this action;

(j)    this Court, including any appellate court, and the court reporters and support personnel for the same; and

(k)    any other person agreed to by the Producing Party and who has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

8.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

(a)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(c)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)    as to any document, its author, its addressees or other recipients;

(e)    during their depositions or testimony, witnesses in this action to whom disclosure is reasonably necessary and who have signed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto, provided, however, an agreement on the record at a deposition to abide by the terms of this Protective Order shall be equally binding and as sufficient as signing the Non-Disclosure Agreement;

(f)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any mock jurors or focus group participants, or professional jury or trial consultants, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j) any other person agreed to by the Producing Party and who has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), 7(h), or 7(k) above (for Confidential marked documents) or subparagraphs 8(c), 8(d), 8(f), 8(g), or 8(j) above (for Highly Confidential marked documents), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. The Parties shall thereafter meet and confer regarding this objection. If the Parties cannot reach agreement within fourteen days, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases. The Party designating the document as confidential shall in all instances bear the burden of establishing that the document is entitled to protection pursuant to this Protective Order and any applicable Rules.

11. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use

or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14.  Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so. This provision does not apply to requests made via state freedom of information laws.

15.  All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

16.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

17.  Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

18.  Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.  Any Personally Identifiable Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing

person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. To the extent any Party uses any Generative AI tool into which any Discovery Material is entered or uploaded by any means (whether direct input or document upload, in whole or in part), it is expected under the Protective Order that such material entered and uploaded into the Generative AI tool and results received from it will be (i) viewable only by persons authorized to receive Confidential Discovery Material under the Protective Order, (ii) not accessible to any person who is not authorized to receive Confidential Information under the Protective Order, (iii) available exclusively for a use that is expressly permitted by the Protective Order, (iv) protected by secure data encryption, (v) not hosted on public cloud servers, and (vi) not used to train or improve any public Generative AI models. Discovery Material produced in this action may only be entered into Generative AI tools on premises or within a private cloud environment to maintain greater control over data security and privacy, and under no circumstances may material produced in this action be uploaded to a Generative AI tool or product that is accessible to the public at large. Before submitting any Discovery Material produced in this action to a closed, enterprise Generative AI tool, a receiving Party shall ensure that it (or its vendor) can delete all such material from the Generative AI tool at the conclusion of this matter, including any derivative information stored within the tool. The obligations and restrictions of this paragraph apply even where the Discovery Material produced in this action has been anonymized.

21. This Protective Order shall survive the termination of the litigation. Within 30 days after the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Additionally, within 30 days after the final disposition of this action, any Confidential Discovery Material submitted to a Generative AI tool shall be deleted, including all derivative information.

22. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: May 8, 2026

By: _/s/ Silvia N. Ostrower_                    By: _/s/ Nada Djordjevic_

Silvia N. Ostrower                              Catherine Pratsinakis (pro hac)

7

200 Park Avenue, 52nd Floor
New York, New York 10166-0005
212-309-1000
sostrower@hunton.com

Ann Marie Mortimer (*pro hac vice*)
Jason J. Kim (*pro hac vice*)
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
213-532-2000
amortimer@hunton.com
kimj@hunton.com

Mariah Heinzerling (pro hac)
DILWORTH PAXSON LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19102
Tele:  (215) 575-7000
Email: cpratsinakis@dilworthlaw.com
mheinzerling@dilworthlaw.com

Ira N. Glauber
DILWORTH PAXSON LLP
99 Park Ave., Suite 320
New York, NY 10016
Tel: (917) 675-4252
Fax: (215) 575-7200
iglauber@ dilworthlaw.com

OF COUNSEL
Greg G. Gutzler
DICELLO LEVITT LLP
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, New York 10165
Tel: (646) 933-1000
ggutzler@dicellolevitt.com

Nada Djordjevic
Adam J. Levitt
Amy E. Keller
James A. Ulwick
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel: (312) 214-7900
Fax: (312) 253-1443
ndjordjevic@dicellolevitt.com
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
julwick@dicellolevitt.com

*Counsel for Defendants Verizon Communications Inc. and Cellco Partnership (d/b/a Verizon Wireless)*

*Counsel for Plaintiff Los Gatos-Saratoga Community Education and Recreation and the Putative Classes*

**SO ORDERED**

Dated: May 11, 2026

New York, New York

J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**FRITZCO LLC, LOS GATOS-SARATOGA**
**COMMUNITY EDUCATION AND**
**RECREATION, and THE LAW OFFICE**
**OF SAMUEL M. SMITH,** on behalf of themselves
and all others similarly-situated,

        Plaintiffs,

        v.

**VERIZON COMMUNICATIONS INC.**
**and CELLCO PARTNERSHIP (D/B/A**
**VERIZON WIRELESS),**

        Defendants.

**CASE NO.** 1:**21-cv-10432-JPO**

### NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

10